[No. 3447.   Decided December 8, 1900.]

O. S. DAVIS, *Respondent,* v. DAVID R. RICHARDS, *Appellant.*

PUBLIC LANDS—SIMULTANEOUS ENTRY—AWARD OF ENTRY TO ONE FOR JOINT BENEFIT—WAIVER.

Where in a contest over the right to enter a certain forty acres of public land it is held by the land department that the entries of both contestants were simultaneous, that each was entitled to share therein, and that entry should be allowed in the name of one on his agreeing to convey to the other a certain portion thereof, the one to whom entry is granted is constituted, in effect, a trustee for the other, and bound to carry out the trust; and the fact that the *cestui que trust* prosecuted an appeal from the decision and refused, pending such appeal, to accept and sign an agreement in writing presented to him by the entryman, which provided for conveyance of such portion after the latter perfected title, would not constitute a waiver of the rights given under the ruling of the land department.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge.   Reversed.

*Edward Pruyn,* for appellant.

*Graves & Englehart* and *H. J. Snively,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The appellant, respondent, one Sylvis, and one Stewart improved and occupied public lands

before their survey. When the lands were surveyed it was discovered that all four of these men had improvements on the forty acre tract which is the subject of this controversy; the appellant and Sylvis residing on the same, and the respondent and Stewart having improvements and cultivation thereon. After the plat of the survey had been filed in the United States land office at North Yakima, the appellant offered to make homestead entry on said forty acre tract, with other lands, but his application was denied; and it was held by the local land office that there was a simultaneous application to enter said land by the appellant and respondent,—Sylvis and Stewart making no claim. A hearing was ordered to determine the rights of the parties, and, upon appeal to the secretary of the interior, it was held that the respondent would be allowed to make final proof of the tract, with other lands, and a patent would be issued to him, upon his tendering to the appellant and Sylvis an agreement in writing to convey to each, respectively, the part of the land occupied by him. It is conceded that in a proper case the plan adopted by the land department was a legal and suitable one. After the respondent had proved up on the land, he brought this action in ejectment. Upon the trial he swore that he tendered a contract to the appellant and Sylvis, as directed by the decision of the secretary, and that the appellant refused to accept the same. The testimony of the appellant was that the respondent presented him a writing, which he did not take and would not sign without an opportunity to consult an attorney; that it was never presented again, and that no deed for that portion of the forty which had been assigned to appellant had ever been tendered to him by the respondent. This was substantially all the testimony there was in the case, with the exception of the

28–23 WASH.

exhibits filed, which constituted the record of the proceedings in the land department. On the conclusion of the testimony, the judge directed the jury to bring in a verdict for the plaintiff, and judgment was entered accordingly.

Several assignments of error are relied upon by the appellant, among which are errors in relation to the admission and rejection of testimony; but, with the view we take of the general proposition, it is not necessary to discuss them here, for we think that the court not only erred in instructing the jury to bring in a verdict for the respondent, but that under the undisputed testimony he should have instructed a verdict for the appellant. It never was found by any tribunal in the history of litigation in the land department that the respondent was entitled to the portion of the forty in dispute, which was accredited by the department to the appellant, but an investigation of this case was ordered by the land department, and, upon the testimony produced, it was found that the appellant was entitled to one-fourth of this forty, the respondent to one-fourth, and Sylvis and Stewart to one-fourth each. It was by virtue of that finding of fact that the respondent was allowed to enter the whole tract of land, the rules of the department not allowing an entry of less than a forty-acre subdivision of a section. The department in its order held, in effect, that the respondent should enter this whole tract, in his own right for the portion of it which had been found to belong to him, and as a trustee for the others; and we are at a loss to know upon what theory he can now claim a right to the whole tract, and ask to have the *cestui que trust* ejected from his portion of the tract. The argument seems to be that, because he presented an agreement to the appellant that he would deed him this land

when he had perfected title thereto, and the appellant refused to accept the same, the appellant waived his claim to any rights which he may have had under the ruling of the land department allowing the respondent to enter the land for his benefit and the benefit of the other parties mentioned. At the time that this agreement was presented to the appellant, he was prosecuting an appeal from the order of the land department, and he may reasonably have concluded that, if he made himself a party to the agreement which was tendered him by the respondent, it would estop him from pursuing his appeal in the department. But it does not follow, we think, that, because he saw fit to appeal from the ruling of the department in relation to the entry of respondent, the appellant claiming that he was entitled to enter the whole tract, he lost any rights which had accrued to him by reason of the order of the department allowing respondent to make the entry as aforesaid. It might as well be argued that, because a party in a civil court appealed from a judgment in his favor with which he was dissatisfied, and the appeal terminated against him, he had waived any rights which he had in the judgment of the lower court. While it is true that the literal command of the department was that respondent should enter into an agreement to convey a portion of this land to the appellant and Sylvis, the real intention evidently was that the agreement was only to insure the essential act of conveying the land after title had been obtained. It never having been decided by any tribunal that respondent was entitled to the land occupied by the appellant, and a deed to the same never having been tendered to appellant, no cause for ejectment existed.

The judgment is reversed.

FULLERTON, REAVIS and ANDERS, JJ., concur.